173 La. 998

### LOUISIANA HIGHWAY COMMISSION v. DUNN et al.

### No. 31145.

Supreme Court of Louisiana.

Jan. 4, 1932.

Lewis L. Morgan and A. S. Cain, Jr., both of New Orleans, and D. M. Ellison, of Baton Rouge, for appellant.

Stubbs & Thompson, of Monroe, for appellees.

ROGERS, J.

The plaintiff highway commission brought this suit to expropriate for highway purposes 4.1 acres of land owned by the defendants. Defendants' answer admitted the necessity for the taking of the land, placed a value of $125 an acre thereon, and, by way of reconvention, claimed $7,065 as damages for the destruction of certain improvements and the negligent removal of other improvements on the property.

The jury of freeholders summoned to try the case fixed a value of $500 for the land, and awarded $1,325.07 as damages resulting from the expropriation, or a total of $1,825.07. Judgment was entered on this verdict, which judgment reserved defendants' right to sue for the damages caused them by the negligence of plaintiff, its agents and employees, prior to the institution of the expropriation suit. From this judgment the plaintiff highway commission has appealed.

Plaintiff contests the right of the defendants to include in the expropriation suit, which is a summary proceeding, its claim for damages, which plaintiff argues should be asserted in an ordinary proceeding.

It appears from the record that prior to the expropriation proceeding, the plaintiff highway commission negotiated with the defendants, Mrs. Lelia M. Dunn and Miss Cora E. Harrel, for a portion of their property then required for the construction of the highway. As a result of the negotiations, defendants agreed to donate a strip of land, comprising approximately three acres, in consideration of the payment to them of a small amount for the destruction of certain trees and of the removal, without expense to them, of their dwelling house, barn, garage, and outhouses, together with the restoring of fences and the drilling of a new well to replace their old well. Immediately after the agreement was entered into, plaintiff, through its contractor

the Standard Highway Company, Inc., began to remove the improvements from the strip of land which defendants agreed to donate for the highway. The work, however, was never completed. Defendants contend that it was so negligently performed that it practically destroyed their property, and that one of them sustained serious personal injuries as the result of the alleged carelessness of plaintiff's contractor.

Defendants sued plaintiff for their alleged property damage. Plaintiff abandoned its work on defendants' land, and filed this expropriation proceeding. Defendants' damage suit was discontinued after an exception of lis pendens was filed herein by the plaintiff highway commission.

■ The trial judge charged the jury, in effect, that its function was confined solely to fixing the value of the land sought to be expropriated and assessing the amount of the damages, if any, caused to the improvements by the expropriation and for the destruction of trees, crops, etc.; the measure of damages being the actual value immediately prior to the taking of the property. The trial judge expressly charged that in assessing damages the jury could not take into consideration any injury to defendants' dwelling house and other buildings caused by the negligence of plaintiff's contractor prior to the filing of the expropriation suit, as to which defendants had an appropriate remedy. We see no error in this charge.

■■ The verdict of the jury provided for the expropriation of the land at a fixed value of $500, and assessed the damages, as limited by the charge of the trial judge, to the cost of the removal of the improvements in a proper manner and the value of the crops, trees, flowers, and shrubbery actually destroyed. In other words, the jury ascertained and fixed the value of the property and the damages growing out of the expropriation proceeding, without taking into account any damages defendants might have suffered by the negligent acts of plaintiff's contractor not arising immediately out of the expropriation of their property. We think that the jury's procedure was legally correct. See La. Ry. & Nav. Co. v. Sarpy, 125 La. 388, 51 So. 433. And defendants would have been entitled to the amount awarded by the jury by merely claiming it in their answer, instead of demanding it in reconvention.

■■ Plaintiff vigorously argues that the judgment for $1,325.07, representing the damages suffered by defendants as the result of the expropriation of their property, is grossly excessive. But we are not certain, from our examination of the evidence, that the amount in question is excessive, and, hence, following our well-established rule of giving great weight to the verdict of a jury in an expropriation proceeding, we do not feel warranted in decreasing it.

For the reasons assigned, the judgment appealed from is affirmed.