379 So.2d 1069 (1980)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Wallace R. ELLENDER, Jr.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Vivian E. CHAMPAGNE et al.
No. 65030.
Supreme Court of Louisiana.
January 28, 1980.
*1070 Bryan Miller, Asst. Gen. Counsel, State of La., through the Dept. of Highways, Baton Rouge, for plaintiff-respondent.
Thomas L. Wright, Ellender, Wright & Wurzlow, Houma, for defendants-applicants.
DIXON, Justice.
The defendants in this expropriation suit, Vivian E. Champagne and Wallace R. Ellender, Jr., are the owners of contiguous tracts of land in Terrebonne Parish. In addition, Ellender holds a recorded agricultural lease on the Champagne property. The state, through the Department of Highways (now known as the Department of Transportation and Development), expropriated portions of both pieces of property under the provisions of R.S. 48:441-60. Ellender was the sole defendant in a suit bearing his name pertaining to the expropriation of the land belonging to him. He was also made a defendant in a suit brought against Champagne as to her property, since he was the lessee of record of that property. The suits were consolidated for trial. Champagne was awarded a total of $163,794.88, of which $41,688.31 was to be paid to Ellender as the lessee of the Champagne property. Ellender was awarded a total of $16,256.00 for the expropriation of a portion of his tract. The state was given credit for moneys previously deposited, in the amount of $17,225.00 against the Champagne claim and $600.00 against the Ellender claim. The state appealed, and the Court of Appeal affirmed in part, reversed in part and remanded with instructions. 371 So.2d 626 (1st Cir. La.App.1979). We granted writs of certiorari to review that portion of the Court of Appeal decision which reversed the trial court's award of $18,899.17 to the defendants for damage to crops on part of the Champagne property not actually taken by the state.
The record indicates that, during the construction following the expropriation of the defendants' land, the drainage on the Champagne property was impaired, and portions of that tract were flooded. As a result, the crop yield for that year was diminished. In their answer to the state's petition in the Champagne suit, the defendants prayed to recover damages for the crop loss, to be divided between them by giving Ellender 5/6 and Champagne 1/6. The trial court initially refused to hear evidence in support of this claim, but changed its mind and awarded damages on the basis of evidence admitted by proffer.
In reversing that award by the trial court, the Court of Appeal stated:
"It has long been settled jurisprudence of this state that in expropriation proceedings for highway construction, the sole issues before the court are the value of the part taken and severance damages to the remainder. Louisiana Highway Commission v. Dunn, 173 La. 998, 139 So. 324 (1932); Louisiana Highway Commission *1071 v. DeBouchel, 174 La. 968, 142 So. 142 (1932); State, Department of Highways v. Mouledous, 199 So.2d 185 (La.App. 3d Cir. 1967), writ refused June 20, 1967; State, Through Dep't of Highways v. A. Wilbert's Sons Lbr., 346 So.2d 842 (La. App. 1st Cir. 1977), writ denied 349 So.2d 1271 (La.1977), State Through Dep't of Highways v. Smith, 353 So.2d 322 (La. App. 1st Cir. 1977), writ granted 354 So.2d 1051 (La.1978). The claim of the defendants for this particular crop damage is clearly one in tort. While we concede that in the interest of judicial economy certain claims, including the one now asserted, could very well be litigated and disposed of during the expropriation hearing, the decision to do so now rests with the Supreme Court of this state as that court alone has the authority to reverse the above cited cases. It is not within this court's or the district court's province to do so."
It is true that the decisions of this court cited by the Court of Appeal did limit the issues to be decided in an expropriation case, although damages were not limited to severance damages. Louisiana Highway Commission v. Dunn, 173 La. 998, 139 So. 324 (1932) and Louisiana Highway Commission v. DeBouchel, 174 La. 968, 142 So. 142 (1932). The question to be decided is whether those cases, decided nearly fifty years ago, are to be followed today. That decision must be based on an examination of the law currently applicable.
This suit was brought under R.S. 48:441-60, which provide for the "quick taking" of land that is deemed necessary for a state highway project. Title is vested in the state upon the deposit with the court of an amount estimated to be just and adequate compensation for the property taken. The defendant is given notice of the deposit and thereafter has ten days to dispute the validity of the taking. The owner of any property taken may obtain a trial to determine the just and adequate compensation to which he is entitled by filing an answer to the state's petition. R.S. 48:454 provides: "Except as provided in this Part, these suits are tried in accordance with the provisions of the Code of Civil Procedure and general expropriation laws." That statute makes it clear that the general procedural rules set out in the Code of Civil Procedure are to be followed absent an express provision to the contrary.
In the present case the defendants were served with the state's petition and answer that petition by alleging damages caused to them by the plaintiff, and praying for relief based on those damages. The defendants' action in so doing amounted to the assertion of a reconventional demand against the state under the provisions of C.C.P. 1061 which provides:
"The defendant in the principal action may assert in a reconventional demand any action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands."
A reconventional demand is a type of incidental action provided for in Chapter 6 of the Code of Civil Procedure. C.C.P. 1032 provides, in part, that "[a]n incidental demand instituted by the defendant in the principal action may be incorporated in his answer to the principal demand." C.C.P. 1033 provides, in part, that "[a]n incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed."
The Court of Appeal recognized that the defendants' answer set up a reconventional demand for the crop losses in question, but denied the damages because the claim was one in tort. In so doing, the Court of Appeal erred; there is no sound basis in our law for denying a defendant his procedural right to assert reconventional demands in a suit brought against him merely because the principal action involves expropriation and his reconventional demand happens to be one in tort. R.S. 48:454 provides that expropriation suits are to be tried according to the Code of Civil Procedure, which, absent provision to the contrary, we must *1072 interpret to include those provisions relative to incidental actions. We can find no provision of the law of expropriation that prohibits a defendant from using his right to assert his claims against the state in a reconventional demand.
Article 1, § 22 of the Constitution of this state provides:
"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
In State of Louisiana, Through Department of Highways v. Jeanerette Lbr. & Shingle Co., 350 So.2d 847 (La.1977), that provision was relied upon in broadly construing a defendant's right in an expropriation suit to challenge, in the expropriation suit itself, the validity of the state's purpose in effecting the expropriation, without resorting to a separate suit. That constitutional provision will be served in the present case by allowing the defendants to assert whatever claims they have against the state without the necessity of participating in repeated litigation.
The state argues that to permit a defendant to assert any claims that he may have against the state by reconvention in an expropriation suit would impede the process of expropriation and thereby cause delay in vital construction projects. That argument is unfounded. In a "quick taking" proceeding such as this one, the state acquires title simply by depositing with the clerk of court the amount estimated to be the compensation to which the defendant is due. R.S. 48:445. The issue of the validity of the taking must be raised by a motion to dismiss the suit, which must be filed within ten days of notice of the deposit. R.S. 48:447. The state is thereafter free to take possession of the expropriated property and begin construction. The issue of the compensation due the defendant is not decided until after the state has acquired title. If only a portion of a defendant's tract is taken, the defendant need not even file his answer asserting his claims against the state until one year from the date he is notified that the state has finally accepted construction of the project for which the property was expropriated. R.S. 48:450. Severance damages are fixed as if the project were completed. R.S. 48:453. It can in no way inhibit the process of expropriation to allow a defendant to assert claims in an expropriation suit if the suit itself is to be decided after the state has acquired title and quite possibly after the attendant construction is completed.
We therefore hold that there is no sound reason for denying a defendant his procedural right to assert reconventional demands against the state in an expropriation suit, irrespective of the basis of those demands. The cases of Louisiana Highway Commission v. Dunn, supra, and Louisiana Highway Commission v. DeBouchel, supra, are overruled insofar as they state a contrary rule.
For the reasons assigned, the decision of the Court of Appeal is reversed insofar as it reversed the trial court's award for damages to crops on the portion of the Champagne property not actually taken; the case is remanded to the Court of Appeal to review the correctness of the trial court's finding on this issue, consistent with this opinion; the plaintiff is cast for costs of all proceedings in this court.