COLE, Judge.
The only issue to be decided in this remand is whether or not the trial court erred in holding that crops on the Champagne property were damaged as a result of nearby construction of a highway.
These complex consolidated suits concern contiguous lands on State Route La. 24 in Terrebonne Parish. One tract is owned by Wallace R. Ellender and the other tract is owned by Vivian E. Champagne and Loura Champagne McComiskey (herein the Champagne tract). Ellender is also the lessee of the Champagne tract and was named as a defendant in the suit against the Champagnes. Certain portions of both tracts were expropriated in February 1974 in order to widen and improve the highway. Although the trial court dealt with many issues, we are concerned here with only one issue and need not discuss various findings as to the other matters. For complete discussion of the case concerning other issues see State Through Department of Highways v. Champagne, 371 So.2d 626 (La.App. 1st Cir. 1979) and State Through Department of Highways v. Ellender, 371 So.2d 638 (La.App. 1st Cir. 1979).
*1235 At trial the judge initially refused to allow introduction of any evidence as to damage done to crops on land not taken by the state. Lessee Ellender alleged he had suffered serious crop damage on the Champagne tract caused by the state placing a culvert underneath the highway. He alleged this culvert allowed thousands of acres of woodlands to drain onto the Champagne property, causing damage to Ellen-der’s sugar cane. The judge allowed the evidence to be introduced by proffer only, but later reversed himself and granted an award for damaged crops of $15,749.31 to be paid by lessor Champagne to lessee El-lender, and $3,149.86 to be paid to Champagne. (The lease provided that Ellender was to pay to Champagne V6th of the profits earned from the sugar cane harvest as rent.) The State appealed. This court reversed the portion of the trial court’s judgment that granted the award for crops damaged on land not taken, believing the jurisprudence did not allow a party to assert a tort claim as a reconventional demand in an expropriation proceeding.
The Supreme Court granted appellees’ writ as to the issue of damages for crops on land not taken and in its opinion specifically overruled eases which had prohibited the court from considering all types of recon-ventional demands in an expropriation suit. State Through the Department of Highways v. Ellender and State Through the Department of Highways v. Champagne, 379 So.2d 1069 (La.1980), overruling Louisiana Highway Commission v. Dunn, 173 La. 998, 139 So. 324 (1932) and Louisiana Highway Commission v. DeBouchel, 174 La. 968, 142 So. 142 (1932). The Supreme Court found there was no sound basis in our law for denying a defendant his procedural right to assert a reconventional demand in a suit brought against him merely because the principal action involves expropriation and the reconventional demand is in tort. The court relied on La.R.S. 48:454 which provides:
“Except as provided in this Part, these suits are tried in accordance with the provisions of the Code of Civil Procedure and general expropriation laws.”
The court reasoned a defendant in an expropriation suit can rely on the general rules of the Louisiana Code of Civil Procedure governing incidental demands. Article 1061 allows the defendant in the principal action to assert in a reconventional demand any action which he may have against the plaintiff in the principal action. Article 1032 allows a defendant in the principal action to incorporate his incidental demand into his answer. The Supreme Court remanded the matter to this court for review of the record to determine whether or not the trial court erred in finding that the crops had been damaged because of the construction of the highway.
Because we find defendants-appellees have proven by a preponderance of the evidence that the constructions made by the State in connection with the improvement of Highway 24 caused the drainage of the Champagne property to be impaired, we affirm the trial court’s findings. Proof by a preponderance of the evidence means that taking the evidence as a whole, such proof shows the fact or cause sought to be proved is more probable than not. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1976).
An examination of the record shows that testimony by various witnesses established it is more probable than not that the large culverts placed by the state caused the excessive flooding on the Champagne property.
Wallace Ellender testified the Soil Conservation District had designed a drainage system consisting of a ditch designed to drain water from the Champagne land only. When the State improved the highway it installed large culverts underneath the road. These culverts caused water from thousands of acres of woodland to be drained underneath the roadway into the Champagne ditch. The ditch was not capable of handling the increased amount of water so the Champagne land became flooded for two or three days following each rainfall.
Russell Brien, a local sugar cane farmer, testified he had helped Mrs. Champagne *1236 with the drainage of her land in 1966. He stated he had observed that the field was standing in water at one time during 1974. Alfred Cooley, the County Agent for Terre-bonne Parish, testified that in 1974 he had noticed the tract in question was covered with water. When asked his opinion as to the cause of the problem he answered that he believed the ditch built by the Soil Conservation Service was inadequate to handle the flow of water, although it had previously been able to do so. He testified he had visited the area many times prior to the construction of the highway and had never noticed any flooding at that time. He first noticed standing water in the Champagne tract after the highway was constructed.
Eugene Luke, District Conservationist for the Soil Conservation Service testified he had helped design the drainage system for Mr. Ellender. He stated he had observed the drainage problems that Mr. Ellender is currently having and attributes the problem to the ditch not being able to handle the flow of water. Prior to the installation of the culverts the highway acted as a natural levee. But once the culvert was installed water from the other side of the highway was able to reach the Champagne property. He stated that the ditch was designed to handle the water on the Champagne tract alone, and that it would be inadequate to carry any extra water.
Merlin Básele, County Executive Director for the Agriculation Stabilization and Conservation Service for Terrebonne Parish, testified that prior to the highway construction Mr. Ellender had adequate drainage on the Champagne property. He stated that there was a definite drainage problem at the time of the trial which occurs any time there is any degree of rain.
There was no evidence offered by the State to refute the allegations that the drainage problem was caused by the construction of the highway.
As to the extent and amount of crop damage done by the impaired drainage Alfred Cooley testified that when the cane is covered with water oxygen can not get to the roots. This causes a marked reduction in the yield. Mr. Ellender testified he had 83.5 acres of sugar cane along the section affected. He estimated a 5 ton per acre loss in production because of the water, which equals a total loss of 417.50 tons. The trial judge accepted testimony that the average price of cane during 1974 was $45.2675 per ton.
Although the Supreme Court has made it clear there is no procedural bar to appellees asserting their claim for tort damages in an expropriation proceeding, appellant argues there should be no recovery because there has been no proof of negligence. The holding of Reymond v. State of Louisiana, Through the Department of Highways, 231 So.2d 375 (La.1970) is applicable to the present case. Although the property owner in Reymond was not involved in an expropriation suit she asserted a claim for damage to her property caused by the expropriation of nearby property.
“The liability of a public body for property taken or damaged but not included within its actual expropriation activity must be limited to those instances where there is a physical taking or damage to that property or a special damage peculiar to the particular property and not general damage sustained by other property similarly located.” Reymond, supra at 383.
Mrs. Reymond’s house had been structurally damaged by the State’s construction of a nearby Interstate Highway just as Mr. Ellender’s cane has been damaged by the construction of La. Route 24. Negligence of the State was not an issue in the Rey-mond case, and it is not an issue in the present case. The recovery in Reymond was not based on La. Civil Code Article 2315 but was based upon Article I, Section 2 of the Louisiana Constitution of 1921 which reads in part:
“Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public *1237 purposes and after just and adequate compensation is paid.”[1]
Without discussing negligence at all, the Reymond court reasoned that since a damaging of property may occur without expropriation of that particular property, there must be some redress for the property owner. Such an action is referred to as an “inverse condemnation” and is supported by Article 1, Section 2 and Article 4 of the 1921 Constitution.
Because the record reveals the trial judge was not clearly wrong in holding that the construction of the highway was the direct cause of the impaired drainage, we affirm the total award of $18,899.17 for crop damage. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) rehearing denied 1979. Appellant is to pay all costs.
AFFIRMED.

. The Ellender/Champagne expropriation took place prior to the effective date of 1974 Constitution so is governed by the provisions of the 1921 Constitution.