451 So.2d 659 (1984)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
Joseph R. MANUEL, et al., Defendants-Appellees.
No. 83-691.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*661 Bryan Miller, Baton Rouge, for plaintiff-appellant.
Victor J. Versaggi, Patterson, for defendants-appellees.
Before CUTRER, STOKER and KNOLL, JJ.
CUTRER, Judge.
This is an expropriation action instituted by the State of Louisiana, through the Department of Transportation and Development (Department) under the provisions of Louisiana's "quick-taking" statutes, LSA-R.S. 48:441 et seq. Named defendants in the expropriation petition were the owners of a tract of land lying within the city limits of Ville Platte, Louisiana, Joseph and Flossie Manuel, and the lessees of that land, Norris and Lola Mae Broussard (defendants), the owners of a frame building and improvements located on the land which served the Broussards as a Danny's Fried Chicken Restaurant. The trial court rendered separate judgments in favor of the owners of the land and the lessees. This appeal only concerns the judgment pertaining to the Broussards, lessees.
On February 1, 1980, the Department expropriated for highway purposes a major portion of the land in question. The building and improvements owned by the Broussards were included in that expropriation. The Department deposited $13,667.00 as compensation for the taking of the Broussards' improvements.
The trial judge rendered judgment in favor of the Broussards as follows:

1. Loss of franchise $ 3,000.00
2. Loss of building and
 equipment, signs, fence,
 concrete slabs, gravel, etc. 35,000.00
 __________
 $38,000.00
 Less the amount deposited 13,667.00
 __________
 Total $24,333.00

Further, the Broussards were awarded attorney's fees in the amount of 25% of $24,333.00, and the Department was assessed costs and the payment of $700.00 in expert witness fees.
The Department devolutively appealed that judgment. The defendants have neither answered nor appealed. For the reasons to follow, we amend the trial court judgment by decreasing the award to the defendants.

FACTS
On February 1, 1980, the Department expropriated a tract of land in Ville Platte for the improvement of a state route Highway 167. The land taken abutted Highway 167. The Department expropriated defendants' building, equipment and other improvements.
The defendants had initially acquired a lease on the land in 1971 and had commenced their operation of a Danny's in that same year.[1] From 1971 to 1978, the land was leased under three different lease agreements of one, one and five years. However, when it was learned in 1978 of the Department's impending expropriation, the lessors and the lessees (defendants) did *662 not contract another written lease agreement. Therefore, from 1978 until the expropriation on February 1, 1980, the defendants operated their Danny's on a month-to-month rental basis.
The building owned by the defendants was a one-story frame building on metal skids which had been prefabricated in Lake Charles in 1971 and moved to Ville Platte; its dimensions were 45 feet by 16 feet, a total of 720 square feet. Installed in the building during its construction was a large walk-in cooler. At some time prior to the expropriation, the defendants had replaced the entire flooring of the building with the exception of the area lying under the cooler, its weight preventing repairs under it. Broussard's testimony indicated that the cooler's immovable nature and the questionable condition of the flooring under it prevented the building's removal from the land. A house mover, contracted by the Department and Broussard, refused to attempt the move when made aware of the circumstances. Expropriated with the building were two Danny's exterior signs, the cooler and cooking equipment.
The trial court's judgment included a lump sum award of $35,000.00. There is no indication of the values given to the listed items of loss of building, equipment, signs, fence, concrete slabs and gravel. The defendants' witnesses were Howard Colgin (the founder of Danny's) and Herbert J. Adams, Jr., (Broussard's C.P.A.). Testifying on behalf of the Department were Dr. Roger Burford (an economist) and two real estate appraisers, Frank Greco and Stanley Tiger.
The testimony of Adams and, to a limited extent, that of Colgin, dealt with the value of the defendants' operation as a going business, considering prospective profits of the business. It is undisputed that this business was operating on a month-to-month lease. A value placed on the business that includes future profits would be very speculative and thus is disallowed. Furthermore, the trial court seems to limit the award to the value of physical assets which he listed. We must determine whether the trial court was clearly wrong in his award for the items he listed. The Department challenges the trial court's award of $3,000.00 to the defendants for loss of their franchise and the lump sum award of $35,000.00 for the physical assets expropriated.

ISSUES
The issues on appeal are:
(1) Whether the trial judge was clearly wrong in his finding that the defendants/appellees established by a reasonable preponderance of the evidence that they, in fact, lost their Danny's franchise rights in Ville Platte; and
(2) Whether the trial court was clearly wrong in his finding that the defendants were entitled to $35,000.00 for the loss of their business assets.

LOSS OF FRANCHISE
Testimony from Broussard and Colgin established the following: a Danny's franchise had been purchased by Broussard from Colgin for $3,000.00. The franchise authorized the defendants to operate such an establishment anywhere within Ville Platte. The defendants failed to present any evidence that the Department's actions had precluded them from exercising their franchise rights in another area of Ville Platte. The only evidence even adverting to this issue was Broussard's statement that he was considering buying another tract of land in Ville Platte but, before he could act, a competitor had purchased the land. He did not state that a suitable location could not be found otherwise.
The evidence fails to establish that the defendants suffered a loss of franchise for the operation of an establishment in Ville Platte. The award of $3,000.00 for the loss of a franchise must be disallowed.

VALUATION OF THE PHYSICAL ASSETS EXPROPRIATED
The defendants, as the owners of the building, equipment and related improvements, are entitled to be "compensated *663 to the full extent of [their] loss." LSA-Const.1974, Art. I, § 4; LSA-R.S. 48:453. Their rights to this compensation are no less because of their status as lessees. State, Dept. of Highways v. Illinois Central R. Co., 256 So.2d 819 (La.App. 2nd Cir.1972), writ den., 260 La. 1136, 258 So.2d 381 (1972). Nor does the Department in the instant case contest the defendants' right of recovery. Rather, it is the amount awarded that is at issue.
Due to the different nature of the items to be considered, we shall address them separately:
A. The Building
The building expropriated by the Department contained 720 square feet and was nine years old at the time of its taking.
The defendants contend that they should be entitled to the new replacement cost of the building on the date of its taking without a deduction for depreciation. For their proposition, defendants cite the decision of the Louisiana Supreme Court in State through Dept. of Highways v. Constant, 369 So.2d 699 (La.1979). The Department counters with the argument that depreciation should be considered in determining the defendants' just compensation.
We find the defendant's attempted reliance upon Constant, supra, to be unpersuasive. That case involved the expropriation of property owned and used by marina operators as a loading and parking area. Although the parent tract of land constituting the major marina operations remained intact, the court found that the tract taken would substantially destroy the marina business unless the loading and parking areas were replaced. Relying upon Art. I, § 4 of the Louisiana Constitution of 1974, which replaced Art. I, § 2 of the Louisiana Constitution of 1921, which change broadened the owners' compensation rights in expropriation cases, the court held that the owners were entitled to the replacement costs of the expropriated areas without a deduction for depreciation.
The court's holding in Constant was strictly premised "[u]nder the circumstances and the nature of the property taken...." More important is the following statement by the majority in Constant:
"We do not, by these rulings, announce any general principle that replacement cost is always the most appropriate measure of awarding a landowner compensation for the taking of a physical asset used in his business, nor that the depreciation of the former asset should never be considered.
"[L]ikewise, in the usual situation the depreciated value of the asset taken will have some lessening effect on the award to the landowner, since he may be fully compensated by the actual pecuniary value of the asset taken. For instance, the full compensation constitutionally provided does not require that the owner receive a new building to replace a dilapidated one which is expropriated."
Also, see Monroe Redevelopment v. Succession of Kusin, 398 So.2d 1159 (La.App. 2nd Cir.1981), writ den., 405 So.2d 530 (La. 1981). We conclude that, under the circumstances presented, we shall allow depreciation in placing a value upon the building.
The expert appraisers called by the Department provided the only evidence of the replacement cost of the building taken. Greco's estimate of the replacement cost of the building was $16,934.00. Tiger estimated the cost as of 1978 as being $17,179.00 which was adjusted upward by 18.5% to $20,357.00 for a 1980 value. We accept the estimate of $20,357.00 as being the more appropriate replacement cost of the building.
We must now determine the depreciation factor. Both Tiger and Greco felt that the building should be depreciated by 50% even though the building had been well maintained. This depreciation rate seems to be too high as we examine their testimony concerning the life expectancy of the building. Greco stated that he felt the building had a remaining life expectancy of fifteen years beginning in 1980. The building *664 was nine years old at that time. Tiger felt that the remaining life expectancy of the building was six years.
We find that Greco's estimate of life expectancy is more accurate than that of Tiger. As we take the total life, nine years, before the taking plus fifteen years after the taking, we have a twenty-four year life span. Therefore, we reach a depreciation factor of 37.5% (9 ÷ 24).
Decreasing the accepted replacement cost of $20,357.00 by 37.5% depreciation, or $7,634.00, leaves a remaining value of $12,723.00. We hold that the defendants were properly entitled to $12,723.00 for the value of the building.
B. Other Improvements and Equipment
In dealing with these items (cooking equipment, cooler, sink, concrete, gravel and fence) we have determined that it would be inappropriate to make a depreciation deduction, because the Department has failed to show that depreciation should be deducted. The Department witnesses failed to show any basis for depreciation, i.e., the condition of the improvements and equipment, life expectancy, etc. To allow depreciation under these circumstances would be speculative. Therefore, no depreciation will be allowed on these items. See State, Through Dept. of Highways v. Champagne, 371 So.2d 626 (La.App. 1st Cir.1979), rev'd in part on other grounds, 379 So.2d 1069, on remand, 391 So.2d 1234.
The Department expropriated two signs used in the business. Greco gave a depreciated estimate of $1,200.00 for both signs; Tiger appraised their replacement cost at $2,489.00 (including the 18.5% upward adjustment factor). Colgin testified that the signs would have cost $3,029.00 on February 1, 1980. This witness was well acquainted with the costs of the signs since he was in the business on a large scale. We accept Colgin's estimate of $3,029.00 as being the correct replacement value of the signs.
Included in the trial court judgment was the word "fence." We can find no admissible evidence in the record pertaining to the value of a fence. Introduced into evidence over the Department's objection was D-5, a document signed by Colgin, but prepared by another individual, which referred to a cyclone fence. The Department correctly objected to this evidence; it is clearly inadmissible hearsay. There being no evidence of the value of a fence lost by defendants, any award by the trial judge for the loss of this item, if there were in fact such an award, was clearly wrong.
The trial court also made an award for the loss of concrete slabs and gravel. The only witness providing evidence of these values, which related to the defendants' lost driveway and parking lot, was Greco. He estimated the value of these items as being $820.00. The Department does not challenge this award. This amount will be awarded.
The evidence indicates that the equipment expropriated, and for which the trial judge rendered an award, consisted of the large walk-in cooler, a triple stainless steel sink and three chicken fryers and pots.
The cooler was constructed of aluminum, stainless steel and had a galvanized steel floor. Greco and Tiger estimated its value at $1,000.00 and $1,896.00 respectively.[2] Colgin placed its replacement cost as of 1980 at $5,200.00. For the same reasons enunciated in our acceptance of Colgin's figures pertaining to the signs, we accept this value for the cooler of $5,200.00.
Likewise, we accept Colgin's appraisal of $4,500.00 for the three fryers, including the extensive installation and duct work involved, over the lesser figures of $1,600.00 and $800.00 provided by Tiger and Greco, respectively.
Only Tiger and Greco estimated the value of the triple stainless steel sink. The former's replacement estimate was $652.00; the latter's depreciated cost was $300.00. We shall award $652.00.
*665 In conclusion, we find the following awards to be supported by the record:

 Building $12,723.00
 Signs 3,029.00
 Concrete and gravel 820.00
 Cooler 5,200.00
 Sink 652.00
 Fryers 4,500.00
 __________
 $26,924.00
 Amount tendered by the
 Department into the Registry 13,667.00
 __________
 Amount due defendants $13,257.00

Pursuant to LSA-R.S. 48:453, the trial court awarded defendants attorney's fees in the amount of 25% of $24,333.00 (the difference between the initial award and the amount tendered by the Department). We reduce the award for attorney's fees to 25% of $13,257.00, or $3,314.00.
For the above reasons the judgment of the trial court is amended so as to reduce the award to defendants to $26,924.00, subject to credit to the Department for the amount deposited into the court's registry. The award for attorney's fees is reduced to $3,314.00. As amended, the judgment is affirmed. The State of Louisiana, Department of Transportation and Development, is cast with all costs at the trial level, fixed in the amount of $2,331.00. Costs of this appeal shall be paid by the defendants-appellees, Norris and Lola Mae Broussard.
AMENDED AND AFFIRMED.
NOTES
[1] Danny's Fried Chicken is a franchise name. It's founder, Howard Colgin, testified at trial that approximately 68 franchises had been sold.
[2] All of Tiger's estimates include the 18.5% cost index increase, which he calculated on the total of all the items. For the reader's convenience, we have calculated each item individually.