STOKER, Judge.
The sole issue before us is whether a father may be required to make retroactive payments of child support, for the period of time his support obligation was suspended by court order due to his inability to earn income, when the father subsequently receives a damages award which allegedly includes amounts for loss of past income in part for the period of suspension of child support payments. The trial court denied retroactive recovery of the child support. We affirm.
BACKGROUND
By judgment dated June 13, 1985, Dr. Barney J. Fusilier and Susan Mary Johnson were divorced. The court awarded custody of their two minor children to Johnson and ordered a reduction in Fusilier’s child support obligation to $400 per month. The court apparently granted the reduction due to a *66 pronounced reduction in Fusilier’s income caused at least in part by a disabling disease.
On November 7, 1985, Fusilier filed a motion to suspend the child support obligation, alleging that he was disabled and unable to earn any income whatsoever. On December 12, 1985, the trial court rendered judgment suspending the child support obligation.
On October 22, 1991, Johnson filed a rule to show cause, alleging that Fusilier had recently been successful in an antitrust lawsuit and had received a large award, the greater portion of which was for the earnings Fusilier had lost since his support obligation was suspended in December of 1985. Johnson asserted that since Fusilier had been compensated for his loss of income and no longer had the inability to pay the support, the suspension should be lifted retroactive to December 12, 1985, making all of the suspended payments due.[1]
On November 17,1992, the trial court rendered judgment dismissing Johnson’s rule to show cause, stating in part that the court could not find a basis upon which to grant Johnson’s request for judgment.
OPINION
LSA-C.C. art. 232 provides:
“When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”
“This simply means that, if the person who is required to provide alimony becomes unable to do so, by reason of fortuitous events or other circumstances beyond his control, such as the loss of his position or illness, relief will be granted as it would be highly unjust to exact from the obligor a strict compliance with his duty under those conditions.” Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (La.1959).
The trial court apparently found that due to Fusilier’s illness, he was unable to earn income. Accordingly, based on his then existing circumstances, Fusilier was discharged from or relieved of his obligation to pay child support until such time as he could give support.
Johnson has cited no authority, and we have found none, allowing retroactive recovery of suspended child support when the obligor later recovers lost wages attributable to the period of the suspension.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court denying retroactive child support for the period of time in which the support was suspended. We assess costs of this appeal to Johnson.
AFFIRMED.
SAUNDERS, J., dissents.

. Johnson also sought reinstatement of the child support and an increase in support. These issues are not presently before us.