JjKNOLL, Judge.
This is an appeal from a judgment which ordered David Allen Hernandez to pay past due child support and past due medical expenses to his divorced wife, Lydia Pettijohn Parsons, formerly Hernandez, pursuant to an agreement he had with her. The trial court held that although the judgment in effect in March 1991 through March 1993 ordered Hernandez to pay $550 per month for child support of their two daughters, the Hernan-dezes clearly agreed that Hernandez would pay monthly child support of $1,100 if the two sons returned to the physical custody of Parsons. Thus, based upon Hernandez’s agreement to pay more child support, the trial court found that Hernandez had a child support arrearage of $16,425. It also ordered Hernandez to pay past due medical expenses totaling $1,691.96.
Hernandez appeals, contending: (1) the trial court erred in finding that he owed past due child support because of an agreement to pay more monthly sums than that provided in the judgment of child support; (2) the trial court erred in ordering him to pay | apast due medical expenses which had prescribed; and, (3) the trial court erred in its calculation of past due child support.
FACTS
On March 27, 1981, the Hernandezes were granted a judgment of divorce. In that judgment Parsons was granted custody of their four minor children, two boys and two girls, and Hernandez was ordered to pay child support of $550 per month. By judgment on August 4, 1986, the amount of child support was raised to $1,100 per month.
On August 21, 1987, the Hernandezes filed a joint petition for change of custody of two of the minor children from Parsons to Hernandez. This joint petition was required so that the two sons could stay with Hernandez, a resident of Saudi Arabia. In accordance with that petition, custody of the Hernan-dezes’ two minor sons, Todd and Scott, was transferred to Hernandez. The judgment further provided that Parsons would retain the custody of their two minor daughters and Hernandez’s child support payments were reduced to $550 per month for the daughters.
The testimony shows that the Hernan-dezes’ two minor sons physically remained with Hernandez in Saudi Arabia from November 1987 to May 1988. Parsons testified that when the two boys returned to her care, Hernandez voluntarily paid child support of $1,100 per month until March 1991. When Parsons informed Hernandez that she was getting married, he quit honoring their agreement and paid child support only for the daughters according to the judgment and nothing for the two boys.
On March 24, 1993, Parsons motioned the court to increase child support, render judgment for Hernandez’s delinquent child support, according to their agreement, commencing in March 1991, recognize past due medical expenses Hernandez owed, and that Hernandez be cast with attorney’s fees and court costs.
PAST DUE CHILD SUPPORT
Hernandez contends that the trial court erred in finding that he owed past due child support from March 1991 to 1993. He argues that as long as he made his payment of $550 per month as ordered in |3the child support judgment of August 21, 1987, the trial court was powerless to find him delinquent.
*820 Parents by the very act of marrying, contract a mutual obligation to support, maintain and educate their children. LSA-C.C. Art. 227. The degree of support depends upon the children’s needs and the parents’ ability to provide it. LSA-C.C. Arts. 230 and 231. A parent may discharge this duty by either providing the support in kind as a domiciliary parent or paying money for obtaining the support, maintenance and education as a nondomiciliary parent. Clooney v. Clooney, 446 So.2d 981 (La.App. 3 Cir.1984).
A domiciliary parent has a right of action against a non-domiciliary parent to compel him or her to turn over in advance the money necessary to contribute toward the child’s support. Hogan v. Hogan, 549 So.2d 267 (La.1989). Generally, once the obligation of a nondomiciliary parent is reduced to a money judgment, it must be followed until it is altered or amended by a subsequent judgment or is terminated by operation of law. LeFebvre v. LeFebvre, 589 So.2d 66 (La.App. 1 Cir.1991). However, there is a jurisprudential exception to this rule, namely, when the evidence shows the parties have clearly agreed to waive or otherwise modify the court-ordered payments. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
For an agreement to be effective, the parties must clearly agree to the modification. The burden of proof is on the party claiming the agreement to prove its existence. Gomez v. Gomez, 421 So.2d 426 (La. App. 1 Cir.1982). The trial court has great discretion in determining factual matters, such as the existence of any agreement relative to child support, and, in the absence of abuse, its decision will not be overturned on appeal. Feazell v. Feazell, 445 So.2d 143 (La.App. 3 Cir.1984).
In the case sub judice, Parsons testified that the joint petition to change custody of her sons, Todd and Scott, to Hernandez was filed so that he would have legal custody in order to obtain visas for them to travel to Saudi Arabia. Hernandez had been a resident of Saudi Arabia since 1980 and he wanted to obtain 14custody of his sons so that they could spend a protracted period of time with him in that country.
Parsons further stated that when her sons’ trip to Saudi Arabia was delayed from September to November of 1987 and they were forced to remain with her, Hernandez continued paying her $1,100 per month even though the August judgment had reduced his child support obligation to $550.
Moreover, Parsons testified that she and Hernandez agreed, prior to the departure of their sons to Saudi Arabia, that if the boys returned to her care, Hernandez’s child support payments would revert to $1,100. She stated that her sons returned in May of 1987 and that from that date to March of 1991, a period of 35 months, Hernandez paid her child support of $1,100 per month.
Hernandez did not appear at the hearing on his past due child support payments, choosing instead to only have his attorney present for cross-examination. He did not offer any evidence contrary to Parsons’s testimony.
Viewing the record as a whole, we cannot say that the trial court erred in its conclusion that the Hernandezes clearly agreed that the child support payments would increase to $1,100 per month if her two sons returned to live with her. Clearly, Hernandez’s voluntary payment for 35 months of this amount of monthly support belies his contention that they did not have such an agreement.
In making this determination, we find that the underpinning conventional obligation of Dubroc supports the trial court’s determination in the present case and, contrary to Hernandez’s assertion, we choose not to limit the Supreme Court decision to agreements which reduce or suspend child support payments. Dubroc stated at 380:
“Of course, an essential prerequisite to such a conventional modification of a parent’s right to receive support payments is implied. The parent may not, by suspension of this right, thwart the purpose for which the right is established, i.e., the enforcement of the child’s right to support and upbringing.”
Applying this reasoning, it is clear that when his sons returned to the physical custody of Parsons, Hernandez understood that his Ischildren had a right to receive support pay *821 ments as was provided theretofore when his former wife had legal and physical custody of all of his children. The child support judgment that he claims is the only enforceable judgment, is child support only for his two daughters. There is no dispute that the two boys were living with their mother and he knew this. Hernandez terminated child support according to their conventional agreement because Parsons was getting married. It would be unconscionable not to recognize and enforce the conventional agreement between Parsons and Hernandez. Regardless of the judgment he relies upon, which only mentions child support for the two daughters, he had a legal obligation to support, maintain and educate his two sons. LSA-C.C. Art. 227. He recognized this obligation by entering into a conventional agreement with Parsons to pay child support at $1,100 per month, according to the terms of the judgment which included the two boys. This agreement was clearly proven and we will uphold it. Accordingly, we find no error in the trial court’s determination that Hernandez was legally obligated to pay Parsons $1,100 per month for child support since Parsons had physical custody of the four children.
Likewise, we find Hernandez’s reliance on Fusilier v. Johnson, 626 So.2d 65 (La.App. 8 Cir.1993), writ denied, 630 So.2d 789 (La. 1994) misplaced. In Fusilier, the appellate court framed the question before it as follows:
“The sole issue before us is whether a father may be required to make retroactive payments of child support, for the period of time his support obligation was suspended by court order due to his inability to earn income, when the father subsequently receives a damages award which allegedly includes amounts for loss of past income in part for the period of suspension of child support payments.”
Unlike Fusilier, Hernandez’s child support obligation was not reconfigured in 1987 because of his inability to earn income. To the contrary, the evidence before us shows that Hernandez has continuously been able to pay the $1,100 child support payments and that the restructured child support obligation in 1987 mirrored his | ^assumption of direct support of his two sons while they physically resided with him.
DENTAL EXPENSES
Hernandez next contends that the trial court erred in casting him liable for a $626 dental bill which the children incurred for treatment from Dr. David Pusson. He argues that this bill was prescribed because it was incurred between May 26,1989, and July 25, 1989, and that the dentist had lost his right of action to collect this indebtedness.
LSA-C.C.P. Art. 927 provides that prescription is a peremptory exception which the court, either trial or appellate, cannot supply. Although an exception of prescription may be filed for the first time in the appellate court, it must be presented in a formal pleading and not raised only in brief. State, through Dept.. of Highways v. Champagne, 371 So.2d 626 (LaApp. 1 Cir.1979), writ denied in part, 375 So.2d 645, 646, reversed in part on other grounds, 379 So.2d 1069 (La.1980).
Our review of the record shows that Hernandez did not raise the peremptory exception of prescription in the trial court and has not raised it in a formal pleading in this court. Accordingly, we find that this issue is not properly before us.
CALCULATION OF PAST DUE CHILD SUPPORT
Hernandez next contends that in calculating past due child support, the trial court failed to consider that his oldest son, Todd, reached the age of 18. Accordingly, Hernandez’s monthly child support obligation should have been reduced by $275 thereafter. We agree.
Our careful review of the record shows that Todd reached the age of 18 on September 20, 1991. Accordingly, Hernandez was not legally obligated to pay child support for Todd after that date. Based on the monthly rate per child for support, $275, and the seventeen months between Todd’s eighteenth birthday and March 1, 1993, Hernandez has been cast with $4,675 which should not have been included. Therefore, we will amend the *822 judgment to reduce the amount of past due child support to $11,750.
|7For the foregoing reasons, the judgment of the trial court is affirmed in all respects except that the amount of past due child support is reduced to $11,750 and that paragraph of the judgment is recast to read as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of LYDIA PARSONS and against DAVID HERNANDEZ in the sum of ELEVEN THOUSAND SEVEN HUNDRED FIFTY AND NO/100 DOLLARS ($11,750), representing past-due child support, less a credit for payments received since the filing of these proceedings of $1,120.00, with legal interest thereon from date of judicial demand, being March 24, 1993, until paid.
Costs of this appeal are assessed to David Hernandez.
AMENDED AND AFFIRMED AS AMENDED AND RENDERED.