# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-383


GIGI POMES TRUMPS

VERSUS

TRUMAN JOHN TRUMPS, JR.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,395
HONORABLE DAVID MICHAEL WILLIAMS, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.


**REVERSED AND REMANDED.**


Charles O. LaCroix
LaCroix, Levy and Barnett, LLC
1101 Bolton Ave.
Alexandria, LA 71301
(318) 443-7615
COUNSEL FOR PLAINTIFF- APPELLANT:
    Gigi Pomes Trumps Wilkes


David C. Hesser
Hesser Cooper Law Group, LLC
812 Versailles Blvd, Suite A
Alexandria, LA 71303
(318) 542-4102
COUNSEL FOR DEFENDANT- APPELLEE:
    Truman John Trumps, Jr.

**PICKETT, Chief Judge.**

In this civil action for recovery of child support payments, Gigi Pomes Trumps (now Wilkes)[1] appeals the judgment of the trial court dismissing her claims against her former husband, Truman John Trumps, Jr., after the trial court granted Mr. Trumps's peremptory exception of no cause of action.

## FACTS

Following the filing of a petition for divorce in 2013 (district court docket number 247,395), Gigi Trumps and Truman Trumps entered into a consent judgment setting forth the custody and support obligations related to their seven children. This custody agreement was modified in March 2014. A judgment of divorce was signed on August 4, 2014.

In 2015, the State of Louisiana filed an ex parte motion in a separate docket number (16,509) alleging that Mrs. Wilkes was receiving state support services and asking that child support payments from Mr. Trumps be paid to the state. An income assignment order was signed by the trial court on June 22, 2015.

Relevant to the case before us, on February 14, 2019, Mr. Trumps filed an Affidavit of Intact Household or Noncustodial Parent Caregiver in docket number 16,509. Following a hearing on April 11, 2019, the hearing officer found that the minor children were in the non-custodial parent's custody and temporarily suspended Mr. Trumps's child support payments. A review hearing was set for July 30, 2019. When no timely objection was filed to the recommendation of the hearing officer, the trial court signed an order making the hearing officer recommendation the judgment of the court on April 22, 2019. The review hearing scheduled for July never occurred.

---

[1] While we recognize that Mrs. Wilkes was married to another man between her marriage to Mr. Trumps and her current husband, we refer to her as Mrs. Wilkes throughout this opinion for consistency.

On January 4, 2023, the state filed a motion and order in docket number 16,509 to reinstate Mr. Trumps' child support obligation effective retroactive to January 1, 2023. The trial court signed the order on the same day.

On August 28, 2023, Mrs. Wilkes filed a Motion to Modify Custody and for Other Relief in docket number 247,395. The petition sought a modification of custody, a determination that Mr. Trumps was in arrears with his support payments and that he be found in contempt for his failure to pay support timely, a modification of the support payments, and a finding that Mr. Trumps was in contempt for other violations of the custody agreement. Mrs. Wilkes alleged that the two youngest children were returned to her custody in September 2020 after a court hearing, and Mr. Trumps failed to pay support for the twenty-eight months from September 2020 through December 2022. In response, Mr. Trumps filed peremptory exceptions of no cause of action, no right of action, and res judicata, seeking dismissal of the claims for any arrearages in child support payments and contempt for failure to pay support timely. Following a hearing on January 3, 2024, the trial court sustained the exception of no cause of action and overruled the exception of no right of action. A judgment in conformity with the court's ruling was signed on January 30, 2024. This judgment was entered in both docket numbers 247,395 and 16,509. Mrs. Wilkes appealed that judgment to this court.

Once the appeal was lodged in this court, we determined that the trial court's January 30, 2024 judgment lacked proper decretal language, in that it did not specify the relief awarded. The appeal was suspended and the matter remanded to the trial court for the purpose of amending the judgment. The trial court signed an amended judgment on August 15, 2024, in which it sustained the exception of no cause of action filed by Mr. Trumps and dismissed Mrs. Wilkes' demand for a determination of arrears and contempt for the alleged failure to pay support. The

2

judgment overruled the exception of no right of action and dismissed that exception.

## ASSIGNMENT OF ERROR

Mrs. Wilkes asserts one assignment of error:

The Trial Court erred in granting the Exception of No Cause of Action filed by Truman Trumps.

Put differently, the Trial Court erred in holding that an Order, which was never served upon Gigi Trumps, could take away her cause of action to seek a determination that the suspension of the child support in her favor (put in place because the children were *temporarily* in their father's custody) should have ended on the date that the children were returned to her physical custody.

## DISCUSSION

The supreme court explained the peremptory exception of no cause of action in *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118:

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

The party asserting an exception of no cause of action bears the burden of demonstrating that the petition does not state a cause of action. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-690 (La. 7/5/94), 640 So.2d 237. An appellate court reviewing a lower court judgment sustaining or overruling a peremptory exception of no cause of action reviews the matter de novo. *Fink v.*

3

*Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346. Thus, we must determine whether the facts alleged in the petition, viewed in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor, state any valid cause of action. *City of New Orleans*, 640 So.2d 237.

Mrs. Wilkes' petition states the following facts related to the arrearage of child support payments:

8.

Mover shows that she has applied for Support Services from the State of Louisiana. An Order was entered on June 19, 2015 making all payments payable through the State of Louisiana, and transferring all actions in regard to the support to the Juvenile Division of this Court, said Order and all subsequent proceedings pending in Docket Number IV-16,509.

9.

For that reason, the State of Louisiana is an indispensible party to this proceeding.

10.

Mover shows further that in Docket Number IV-16,509, an Order was entered on April 11, 2019, suspending the child support payments of TRUMAN JOHN TRUMPS, JR., as the children were temporarily in his physical custody. A review hearing was then scheduled for July 30, 2019, but not held on that date.

11.

Ultimately, the parties returned to Court on September 9, 2020, at which time the children were returned to Mover's physical custody and the Court Ordered that all previous Orders go back into effect.

12.

Despite the return of the children, TRUMAN JOHN TRUMPS, JR. failed and refused to resume the payment of any support, and paid nothing for the months of September 2020 through December, 2022, a period of 28 months, for total unpaid support (during this time period) of $25,200.00.

13.

Mover requests a Judgment herein, setting all arrears owed by TRUMAN JOHN TRUMPS, JR.

14.

Mover also requests a Judgment herein, holding TRUMAN JOHN TRUMPS, JR. in contempt for his failure to pay his support during this 28 month period and punishing him accordingly, said

punishment to include an award of attorneys fees for the prosecution of this Rule.

In support of the trial court's judgment, Mr. Trumps argues that *Fusilier v. Johnson*, 626 So.2d 65 (La.App. 3 Cir. 1993), supports his position that Mrs. Wilkes has not stated a cause of action. In *Fusilier*, the father's child support payments were suspended because he was ill and unable to earn an income. He later received a settlement of a claim that included as an element lost wages during the time his child support obligation was suspended. This court held that if child support payments are suspended, there is no mechanism in the law to allow the obligee to retroactively recover lost wages attributable to the period of the suspension.

We note, though, that paragraph eleven of Mrs. Wilkes' petition alleges there was an order issued at the time her two children were returned to her custody that "all previous Orders go back into effect." We assume that statement to be true for the purpose of determining whether she has stated a cause of action. If such an order was issued on September 9, 2020, then Mrs. Wilkes' petition seeks enforcement of the order that Mr. Trumps resume his child support payments from that date forward. Unlike the obligee in *Fusilier*, Mrs. Wilkes does not seek to have the court retroactively award child support.

Mrs. Wilkes argues the January 4, 2023 order indicating Mrs. Wilkes reapplied for support services and reinstating the previous order of support against Mr. Trumps is a nullity because she was never served with that judgment. Mr. Trumps in his brief to this court argues that his exception of no cause of action does not rely on the January 4, 2023 order. Instead, Mr. Trumps argues that his peremptory exception of res judicata relied on that order. The trial court did not rule on the exception of res judicata. "Ordinarily, issues not passed on by the trial

court are not reviewable by the appellate court." *Devillier v. City of Opelousas*, 247 So.2d 412, 418 (La.App. 3 Cir. 1971). As neither party argued the issue of res judicata in this appeal, we will not address it.

## <u>CONCLUSION</u>

The judgment of the trial court sustaining the exception of no cause of action is reversed, the exception is overruled, and the matter is remanded for further proceedings. Costs of this appeal are assessed to Mr. Trumps.

**REVERSED AND REMANDED.**